IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAZEL FALTESEK, et al., § | | |
| § | | |
| Plaintiffs, § | | Civil Action |
| § | | No. 4:14-CV-1296 |
| § | | |
| vs. § | | (Hon. David Hittner) |
| § | | |
| TASER INTERNATIONAL, INC. § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT TASER INTERNATIONAL, INC.'S FRCP 12(b)(6) MOTION
TO DISMISS, ALTERNATIVE FRCP 12(e) MOTION FOR MORE
DEFINITE STATEMENT, AND BRIEF IN SUPPORT**

Defendant TASER International, Inc. ("TASER") respectfully moves to dismiss all of the causes of action alleged by Plaintiffs in Plaintiffs' Original Petition (Dkt. 1-2) in this removed action pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, TASER moves for a more definite statement regarding Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(e). TASER's supporting briefing is included below.

## I. INTRODUCTION.

This is a wrongful death and survival action removed to this Court premised on diversity jurisdiction. While Plaintiffs' claims against TASER appear to be premised on strict products liability theories, Plaintiffs' Original Petition (Dkt. 1-2) ("Petition") fails to plead the requisite elements of any cause of action against

TASER, it fails to plead adequate factual grounds for Plaintiffs' causes of action, and it fails to give TASER fair notice of any plausible cause of action against TASER. Therefore, TASER moves to dismiss Plaintiffs' Petition for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

In the alternative, TASER moves for a more definite statement of the Petition pursuant to Rule 12(e). Plaintiffs' Petition is vague, ambiguous, and convoluted in its current form such that TASER cannot reasonably prepare an appropriate response, with all appropriate defenses.[1]

## II. BACKGROUND SUMMARY.

Decedent Joe Frank Faltesek's ("Mr. Faltesek") death on April 13, 2012, was caused by acute toxicity from his bipolar disorder medication, Bupropion, with Mr. Faltesek's pre-existing hypertensive cardiovascular disease as a contributory factor.[2] Unfortunately, Plaintiffs filed this lawsuit seeking to hold TASER liable in

---

[1] Under F.R.C.P. 12(e), a plaintiff must file a complaint sufficient to show that he "… is entitled to relief by explaining how alleged facts give rise to a particular claim against a particular defendant." *See Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1247, 1251 (E.D. Tex. 1997).

[2] TASER asserts Mr. Faltesek's true cause of death will be demonstrated by the conclusions in the Harris County Medical Examiner's official public report on the autopsy of Mr. Faltesek.

damages for Mr. Faltesek's death premised on legally and factually inadequate allegations.

Plaintiffs' Petition alleges that Mr. Faltesek, previously diagnosed with bipolar disorder for which he took medication, shared a residence with his mother, Hazel Faltesek, on the date of this incident.[3] That afternoon, Mr. Faltesek told his mother that "he thought he had taken too much of his medication." (Dkt. 1-2 ¶ 11). Mr. Faltesek's mother feared that Mr. Faltesek had "taken an accidental overdose" and she called 911 for assistance. (Dkt. 1-2 ¶ 11). When Houston Fire Department responders arrived, Mr. Faltesek's mother and her husband met them in the front yard and "discussed the situation" with them while Mr. Faltesek remained in the house. (Dkt. 1-2 ¶ 12).

Mr. Faltesek's mother called for Mr. Faltesek to come out of the house. (Dkt. 1-2 ¶ 13). Plaintiffs allege that when Mr. Faltesek came out of the house Houston Police officers ("HPD") "immediately intervened" by grabbing Mr. Faltesek and forcing him to the ground. While Mr. Faltesek was on the ground, one or more HPD officers allegedly employed "at least six (6)" applications of a

---

[3] The factual statements set forth in this paragraph, and the remainder of the background summary of this motion, are taken from Plaintiffs' Petition and are offered for the limited purposes of this motion. They are not intended and are not to be considered an admission of any kind on the part of TASER. Upon information and belief, there are glaring key omissions in Plaintiffs' Petition of circumstances that led up to HPD's use of a TASER Conducted Electrical Weapon ("CEW") on Mr. Faltesek and regarding the cause of his death.

TASER® X26™ conducted electrical weapon ("CEW" or "X26 CEW")[4] on Mr. Faltesek. (*Id.* ¶¶ 14, 15). Sometime after use of the X26 CEW, Mr. Faltesek "began having difficulty breathing." (Dkt. 1-2 ¶ 15). Mr. Faltesek died in the custody of HPD while en route to a hospital. (*Id.* ¶ 15).

On April 10, 2014, Plaintiffs filed their Petition in the 129th Judicial District in Harris County, Texas, naming TASER as the only defendant. On May 12, 2014, TASER timely removed this action to federal court based on diversity jurisdiction. (Dkt. 1).

In this wrongful death and survival action, Plaintiffs' Petition appears to assert a "false advertisement" claim that is not recognized under Texas law, along with legally and factually inadequate allegations of strict products liability based on marketing and design defects. (Dkt. 1-2 ¶ 19). Plaintiffs' Petition alleges the following, in pertinent part:

- "The TASER Device X26 is advertised as a non-lethal device used to incapacitate and subdue individuals. That advertisement is known by the manufacturer not to be entirely true and is a misrepresentation of actual potential injuries caused by the TASER Device X 26." (Dkt. 1-2 ¶ 16).

- "TASER failed to provide adequate warnings and safety mechanisms prior to this TASER Device X26 being used on [Mr. Faltesek] . . ." (*Id.* ¶ 17).

---

[4] Conducted electrical weapons ("CEW") and electronic control devices ("ECD") are terms that have been used interchangeably by TASER in its product materials at different dates.

- "TASER Device X26 employed on [Mr. Faltesek] did not function as a non-lethal device to incapacitate and subdue as it is was designed to do. . ." (*Id.* ¶ 18).

- "[Mr. Faltesek's] death was caused by one or more of the following wrongful acts [of TASER]: the false advertisement of [TASER] concerning the safety of TASER Device X26 as a non-lethal method of incapacitating and subduing a target individual; the failure of [TASER] to provide adequate warnings and safety mechanisms to the user of their product; and, the failure of the TASER Device X26 to perform as it was designed." (*Id.* at ¶ 19).

- TASER is "liable to the Plaintiffs for damages according to Texas law, TEX, CIV. PRAC. & REM. CODE §71.002(b), TEX CIV, PRAC. & REM, CODE §71.021, and TEX. CIV. PRAC, & REM. CODE §82,005." (*Id.*).

- "As a result of the acts and omissions of [TASER] . . . [Plaintiffs have suffered] . . . "All other damages [Plaintiffs may show themselves] to be entitled under the law." (Dkt. 1-2 ¶¶ 20-22).

### III. RULE 12(B)(6) LEGAL STANDARD.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient **factual matter**, accepted as true, to 'state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). Accordingly, to survive a motion to dismiss a plaintiff must allege sufficient facts to meet the "plausibility" standards recognized in *Iqbal* and *Twombly*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). It is not

enough simply to allege that a wrong has been committed and demand relief; rather, the underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Twombly*, 550 US at 555 (internal quotes omitted); *Swierkiewicz v. Sorema N.A.*, 534 US 506, 513, 122 S.Ct. 992, 998 (2002).

The Federal Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, *supra* at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, *supra* at 557).

To establish a plausible claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 US at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, *supra* at 1950 (rejecting conclusory allegations); *Jabary v. City of Allen*, 547 F. App'x 600, 605 (5th Cir. 2013) (failure of plaintiff to nudge claims with sufficient factual allegations across the line from conceivable to plausible warrants a dismissal).

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and is therefore insufficient." *Iqbal*, *supra*. Where the

pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint will be found insufficient to state a claim. *Iqbal*129 S.Ct 1950.

To determine whether a complaint meets the *Iqbal* and *Twombly* standard, the court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Further, Plaintiffs must sufficiently plead the requisite elements of the causes of action alleged in order to state a claim on which relief may be granted. *See In re Plywood Antitrust Litig*., 655 F.2d 627, 641 (5th Cir. 1981) ("Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

Here, Plaintiffs fail to plead sufficient factual or legal grounds to support their causes of action, thereby depriving TASER of fair notice of any allegedly plausible cause of action against it. Plaintiffs also wholly fail to plead the requisite elements of the alleged design defect, alleged marketing defect, and alleged "false

7

advertisement" causes of action against TASER, warranting dismissal of these claims.

## IV. RULE 12(B)(6) MOTION TO DISMISS.

### A. Plaintiffs' "False Advertisement" Claim Must Be Dismissed.

Although it appears Plaintiffs attempt to bring a "false advertisement" claim, based on the conclusory allegation that TASER falsely advertised its X26 CEW as "non-lethal," there is no viable cause of action for "false advertisement" in the wrongful death or survival context under Texas law. (Dkt. 1-2 at ¶ 16); *see, e.g., Boudreaux v. Corium Int'l, Inc.*, 3:12-CV-2644-M, 2013 WL 1890269, *2-3 (N.D. Tex. May 7, 2013) (reasoning "a consumer's cause of action under the DTPA does not survive the death of the consumer and cannot be brought by a representative of the consumer's estate, in a representative capacity or in an individual capacity, based on the consumer status of the decedent.").

Unless Plaintiffs can demonstrate that their Petition includes legal and factual allegations to support a plausible cause of action for "false advertisement," which TASER asserts Plaintiffs' cannot do, Plaintiffs' "false advertisement" claim fails to assert a claim upon which relief can be granted and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Plaintiffs Fail to State Claims Based in Strict Products Liability.

Strict product liability claims for defective products are commonly classified as claims for manufacturing, design, or marketing defects. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997); *Gerber v. Hoffmann-La Roche Inc.*, 392 F. Supp. 2d 907, 914 (S.D. Tex. 2005). In order to establish a claim for strict liability, a plaintiff must prove that: (1) the defendant placed the product in the stream of commerce; (2) the product was defective or in an unreasonably dangerous condition; (3) there was a causal connection between the defect and plaintiff's injury; and (4) the product was expected to and did reach the consumer without substantial change in the condition in which it is sold. *Bass v. Stryker Corp.*, 669 F.3d 501, 514-15 (5th Cir. 2012).

A defective product is a product that is "unreasonably dangerous" to the user or consumer. *See Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999). A product is unreasonably dangerous when, whether by reason of design or marketing defect, it is dangerous to an extent beyond that which would be contemplated by an ordinary user of the product, with the ordinary knowledge common to the community as to that product's characteristics. *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984).

### (1) Plaintiffs Failed to State a Plausible Design Defect Claim.

Plaintiffs failed to sufficiently plead legal or factual grounds to support their alleged design defect claim. To state a claim for product liability based on design defect, Plaintiffs must show that because of its defective design the product was unreasonably dangerous, a safer alternative design exists, and the defective design was the producing cause of Plaintiffs' injuries. *See Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003); *see also Bryant v. Giacomini, S.P.A.*, 391 F. Supp. 2d 495, 499 (N.D. Tex. 2005) (citing *Flock* and stating that in Texas, product liability claims for design defects are analyzed under the Restatement (Second) of Torts § 402A and the Texas Civil Practice & Remedy Code § 82.005). A design defect exists when **a condition of the product** renders it "unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use." *See Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 258 (Tex.1999) (emphasis added) (quoting jury instruction contained in *Turner v. Gen. Motors Corp.*, 584 S.W.2d 844, 847 n. 1 (Tex. 1979)).

Plaintiffs fail to allege either the required elements of design defect or legally and factually plausible allegations to support a design defect claim. Plaintiffs' allegations are conclusory, at best, and fail to allege, among other things: (a) legally and factually plausible allegations of any condition of the X26 CEW that allegedly renders it unreasonably dangerous as designed, taking into

10

consideration the utility of the product and the risk involved in its use; and, (b) legally and factually plausible allegations that a safer alternative design exists.

### (a) Plaintiffs Failed to Adequately Plead Design Defect.

More specifically, in addition to failing to allege all of the elements of a design defect claim, Plaintiffs' Petition fails to allege facts sufficient to assert a plausible design defect claim because the Petition fails to state or provide sufficient notice of: (1) any **condition of the X26 CEW** that allegedly renders it "unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use" (instead the Petition merely offers conclusory statements to the effect that the X26 CEW allegedly caused Mr. Faltesek's death); (2) what "safety mechanisms" were allegedly missing from the X26 CEW; (3) how the absence of those safety mechanisms allegedly caused Mr. Faltesek's death; and, (4) how Plaintiffs' allege the X26 CEW "proximately caused" Mr. Faltesek's death.

Rather, when stripped of its conclusory allegations, the Petition merely shows that Mr. Faltesek suffered from bipolar disorder, Mr. Faltesek reportedly overdosed on his medication, he was allegedly exposed to "at least six (6) applications" of a TASER CEW by HPD officers, he experienced "difficulty breathing" – not during the use of a TASER CEW but "minutes" later - and he died en route to a hospital. *See Hayles v. Gen. Motors Corp.*, 82 F. Supp. 2d at 657-58

(to recover under strict liability, plaintiffs must show more than the mere fact that an injury occurred). Because Plaintiffs fail to plead facts sufficient to support a plausible design defect claim, this claim should be dismissed.

### (b) Plaintiffs Failed to Adequately Plead Safer Alternative Design.

Plaintiffs' design defect claim also fails because their Petition fails to sufficiently plead facts showing the existence of a safer alternative design. A "safer alternative design" means a product design other than the one in question that, in reasonable probability, would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product, and that was economically and technologically feasible at the time of the manufacture or sale of the product in question by the application of existing or reasonably achievable scientific knowledge. *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.005(b).

Tellingly, Plaintiffs only allegation related to "design" is that TASER allegedly failed to provide "adequate safety mechanisms" prior to use of the X26 CEW on Mr. Faltesek by HPD officers. (Dkt. 1-2 at ¶¶ 17 – 19). By not alleging the existence of an alternative design – much less a safer alternative design that would significantly reduce the risk of injury or death without substantially impairing the product's utility – Plaintiffs failed to allege the requisite elements of design defect. This failure alone is fatal to Plaintiffs' design defect claim,

warranting its dismissal. *See Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473, 477 (Tex. App.—Houston [1st] 2000, pet. denied) (to prove a safer alternative, plaintiff must show that the alternative design would have substantially reduced the risk of injury and would have been both economically and technologically feasible).

### (2) Plaintiffs Failed to State a Plausible Marketing Defect Claim.

Plaintiffs also failed to sufficiently plead factual or legal grounds to support their alleged marketing defect claim based on failure to warn. A marketing defect occurs when a defendant knew or should have known that its product presented a potential risk of harm but markets it without adequately warning of the danger or providing instructions for safe use. *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 229 S.W.3d 374, 384 (Tex. App.—Houston [1st] 2009, no pet.).

To adequately plead a marketing defect claim, Plaintiffs must allege plausible facts supporting: (a) a specific risk of harm allegedly inherent in the X26 CEW or that may arise from its intended or reasonably anticipated use; (b) that TASER actually knew or should have reasonably foreseen the alleged risk at the time the X26 CEW was marketed; (c) that the X26 CEW contains a marketing defect; (d) that the absence of a warning or instruction rendered the X26 CEW unreasonably dangerous; and, (e) that the alleged failure to warn or instruct was the producing cause of Mr. Faltesek's injury. *See Wright v. Ford Motor Co.*, 508 F.3d 263, 275 (5th Cir. 2007); *Blackmon v. Am. Home Prods. Corp.*, 346 F. Supp. 2d

907, 916 (S.D. Tex. 2004) (plaintiff must show the warning was both defective and the cause of injury).

Plaintiffs failed to allege any of the required elements of a marketing defect claim – namely, that the warnings accompanying the X26 CEW failed to warn of a risk, rendering it unreasonably dangerous, and this failure to warn caused Mr. Faltesek's injury. Specifically, Plaintiffs did not allege (a) an actual "risk of harm" inherent in the weapon (i.e., *how*, by what mechanism of injury, the CEW allegedly caused Mr. Faltesek's injuries); (b) what specific warning or warnings Plaintiffs contend to be inadequate or missing; or, (c) how an inadequate or missing warning proximately caused Mr. Faltesek's death.

Rather, Plaintiffs' marketing defect claim appears to be based on a vague allegation that TASER "failed to provide adequate warnings" prior to the weapon's use on Mr. Faltesek by HPD officers (Dkt. 1-2 at ¶ 17). This conclusory allegation is insufficient to state a marketing defect claim. *See Chung v. Ladybug Skincare Salon of Houston, Texas*, 2012 WL 4629875, *5 (S.D. Tex. Sept. 13, 2012) *report and recommendation adopted*, 2012 WL 4630704 (S.D. Tex. Oct. 2, 2012) (allegation that product was marketed as "safe" cannot, by itself, state a marketing defect claim). Because Plaintiffs failed to plead the requisite elements or allege sufficient facts or legal grounds to state a plausible marketing defect claim, that claim should be dismissed.

### C. PLAINTIFFS' OTHER VAGUE ALLEGATIONS.

As noted above, Plaintiffs' Petition also offers vague and conclusory allegations that "[a]s a result of the acts and omissions of [TASER] . . . [Plaintiffs have suffered] . . . "[a]ll other damages [Plaintiffs may show themselves] to be entitled under the law." (sic) (Dkt. 1-2 ¶¶ 20-22).

These allegations, of "[a]ll other damages [Plaintiffs may show themselves] to be entitled under the law," and Plaintiffs' vague request for judgment against TASER for "Damages within the jurisdictional limits of this court exceeding $1,000,000," fail to give TASER fair notice of the nature and extent of the alleged damages Plaintiffs seek to recover based upon any alleged causes of action. (Dkt. 1-2 ¶¶ 20-22, 24). These allegations should therefore be dismissed and/or Plaintiffs' should be ordered to re-plead to state: (1) each particular cause of action asserted herein against TASER; (2) adequate factual grounds for each such cause of action; and, (3) the nature and extent of damages allegedly sustained, for which Plaintiffs seek recovery from TASER.

### V. MOTION FOR MORE DEFINITE STATEMENT.

In the alternative, TASER asserts a Federal Rule of Civil Procedure 12(e) motion for more definite statement. Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e).

For the reasons stated above, Plaintiffs' Petition is vague, ambiguous, and convoluted in its current form such that TASER cannot reasonably prepare an appropriate response, with all appropriate defenses.

With respect to Plaintiffs' "false advertisement" claim, Plaintiffs fail to assert a claim upon which relief can be granted and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

With respect to Plaintiffs' design defect claim, Plaintiffs should be required to re-plead to state legally and factually sufficient allegations of: (1) any condition of the X26 CEW that allegedly renders it "unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use"; (2) any allegedly safer alternative design; (3) what "safety mechanisms" were allegedly missing from the X26 CEW; and (4) how the absence of those safety mechanisms allegedly "proximately caused" Mr. Faltesek's death..

With respect to Plaintiffs' warning defect claim, Plaintiffs should be required to re-plead to state: (1) each alleged risk of harm Plaintiffs contend TASER knew or should have reasonably foreseen, at the time the X26 CEW was marketed, that was inherent in the X26 CEW or that may arise from its intended or reasonably anticipated use; (2) what warnings TASER allegedly failed to provide

16

that Plaintiffs contend rendered the X26 CEW unreasonably dangerous; and; (3) how Plaintiffs contend the alleged failure to warn was the producing cause of Mr. Faltesek's injury.

Further, Plaintiffs should be ordered to re-plead to state each particular cause of action asserted herein against TASER, adequate factual grounds for each such cause of action, and the nature and extent of the alleged damages Plaintiffs seek to recover from TASER.

## VI. CONCLUSION.

WHEREFORE, Defendant TASER International, Inc. requests that the Court enter an order dismissing Plaintiffs' Petition in its entirety for failure to state a claim for which relief can be granted. In the alternative, Plaintiffs should be ordered to re-plead to respond to TASER's motion for more definite statement.

Respectfully submitted,

By: */s/ Roger L. McCleary*
**Roger L. McCleary**
Texas Bar No. 13393700
Federal ID No. 205
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527
rmccleary@bmpllp.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT
TASER INTERNATIONAL, INC.


OF COUNSEL:

**Meagan P. Wilder**
Texas Bar No. 24076769
Federal ID No. 1550940
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
(713) 623-0887 (Tel.)
(713) 960-1527 (Fax)
mwilder@bmpllp.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record for Plaintiffs by electronic mail on May 19, 2014.

Walter A. Medsger
4302 North Cook Circle
League City, Texas 77573
(713) 705-6632 (Telephone)
(281) 332-6210 (Facsimile)


       */s/ Roger L. McCleary*
       Roger L. McCleary